# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1793

_____

United States of America,        *
*
        Appellee,        *
*
        v.        *
*   Appeal from the United States
$7,990.00 in U.S. Currency,        *   District Court for the
*   District of Minnesota.
        Defendant,        *
*
George James Fiorentino,        *
*
        Claimant/Appellant,        *
*

_____

Submitted: December 7, 1998
Filed: March 15, 1999

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

In October 1995, Minnesota police seized $7,990 in cash and four baggies of suspected contraband drugs from George James Fiorentino. In January 1996, Fiorentino pleaded guilty to illegal drug trafficking and was sentenced to 130 months in prison. In November 1996, the government filed a civil action to forfeit the cash

pursuant to 21 U.S.C. § 881(a)(6).  The district court[1] granted summary judgment for Fiorentino, concluding the government's unreasonable delay in instituting the forfeiture proceeding violated Fiorentino's due process rights.  Rather than appeal, the United States paid $7,990 to Fiorentino.  He now appeals the district court's denial of his post-judgment motions for an award of prejudgment interest.  We affirm.

Prejudgment interest may not be awarded against the United States absent an express waiver of its sovereign immunity, a time-honored principle known as the "no-interest rule."  Waivers of this immunity may not be implied.  "For well over a century, this Court, executive agencies, and Congress itself consistently have recognized that federal statutes cannot be read to permit interest to run on a recovery against the United States unless Congress affirmatively mandates that result."  Library of Congress v. Shaw, 478 U.S. 310, 316 (1986); see Arneson v. Callahan, 128 F.3d 1243, 1245 (8th Cir. 1997), cert. denied, 118 S. Ct. 2319 (1998).

When the government has unsuccessfully sought to forfeit previously seized property under 21 U.S.C. § 881(a)(6), no statute expressly authorizes the payment of prejudgment interest to the successful claimant.  The statute governing the return of the seized property makes no mention of prejudgment interest:

> Upon the entry of judgment for the claimant in any proceeding to condemn or forfeit property seized under any Act of Congress, such property shall be returned forthwith to the claimant or his agent; but if it appears that there was reasonable cause for the seizure, the court shall cause a proper certificate thereof to be entered and the claimant shall not, in such case, be entitled to costs, nor shall the person who made the seizure, nor the prosecutor, be liable to suit or judgment on account of such suit of prosecution.

---

[1]The HONORABLE DONALD D. ALSOP, United States District Judge for the District of Minnesota.

28 U.S.C. § 2465.[2]  The reference to "costs" in § 2465 does not authorize the payment of interest on the value of the property being returned.  "A statute allowing costs . . . does not provide the clear affirmative intent of Congress to waive the sovereign's immunity" from an award of interest.  Shaw, 478 U.S. at 321; see Jarboe-Lackey Feedlots, Inc. v. United States, 7 Cl. Ct. 329, 337 (1985).

The drug forfeiture statutes generally incorporate the customs laws relating to seizure and forfeiture of property.  See 21 U.S.C. §  881(d); 19 U.S.C. §§ 1602-18.  The customs statutes do not authorize payment of prejudgment interest on property wrongfully seized by the United States Customs Service.  To our knowledge, Congress has never provided for payment of interest on property wrongfully seized by customs officials, nor have we found any case in which the United States was ordered to pay interest on property seized by customs officials and returned to a claimant after the government failed to prove a right to forfeiture.  Thus, it seems clear there is no statutory basis for awarding interest on the $7,990 returned to Fiorentino, as the Second Circuit concluded in Ikelionwu v. United States, 150 F.3d 233, 238-39 (2d Cir. 1998).

Fiorentino relies on forfeiture cases in which two other circuits declined to apply the no-interest rule and instead ordered the government to "disgorge  benefits that it has actually and calculably received from an asset that it has been holding improperly" by paying constructive interest to the successful claimant.  United States v. $277,000 U.S. Currency, 69 F.3d 1491, 1498 (9th Cir. 1995); accord United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 504-06 (6th Cir. 1998).  We decline to follow those decisions.  Sovereign immunity does not depend upon whether the government benefitted from its conduct in question.  Nor can the no-interest rule be

---

[2]By contrast, Congress has explicitly waived its sovereign immunity from awards of prejudgment interest in other statutes, such as 26 U.S.C. § 7426(g) (claims for wrongfully levied property), 28 U.S.C. §2411 (overpayments of federal tax), and 28 U.S.C. § 2644 (refunds of excess customs duties).

dismissed by labeling the award Fiorentino seeks constructive interest, or compensation for his loss of use of the property -- "the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution." Shaw, 478 U.S. at 321.

There is a constitutional exception to the "no-interest" rule. When the government effects a "taking" of private property, the "just compensation" required by the Fifth Amendment includes a payment for interest. See Shaw, 478 U.S. at 317 n.5; Albrecht v. United States, 329 U.S. 599, 602 (1947). But the forfeiture of contraband is an exercise of the government's police power, not its eminent domain power. A forfeiture is not subject to the Fifth Amendment's Takings Clause when it deprives an innocent owner of his property. See Bennis v. Michigan, 116 S. Ct. 994, 1001 (1996); Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 680-90 (1974).[3] Likewise, the government's temporary possession of seized property that is ultimately returned to a forfeiture claimant such as Fiorentino is not a "taking" for Fifth Amendment purposes. See United States v. One 1979 Cadillac Coupe De Ville, 833 F.2d 994, 1000-01(Fed. Cir. 1987). Thus, the "no-interest" rule applies to forfeitures.

In conclusion, claimants' property rights are protected in forfeiture proceedings by the Due Process Clause. See generally United States v. James Daniel Good Real Property, 510 U.S. 43 (1993). In this case, that protection was meaningful indeed. Fiorentino, who had no defense to the government's probable cause to forfeit the seized cash, was awarded title to that property under a due process analysis that is based upon his loss of use because the government unreasonably delayed seeking forfeiture. See United States v. Eight Thousand Eight Hundred and Fifty Dollars, 461

---

[3]The present drug forfeiture statutes protect innocent owners with an innocent owner exception to the forfeiture of property connected with drug offenses. See 21 U.S.C. §§ 881(a)(6) and (7).

U.S. 555, 564 (1983). Fiorentino has no statutory or contractual claim to an award of interest, as the claimants had in <u>Henkels v. Sutherland</u>, 271 U.S. 298, 302 (1926), and <u>United States v. Kingsley</u>, 851 F.2d 16, 21 (1st Cir. 1988). He simply seeks to enlarge his due process recovery with an award of prejudgment interest that in these circumstances would clearly be a windfall. The no-interest rule bars this claim.

The judgment of the district court is affirmed.

A true copy.

     Attest:

          CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.