**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 28 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

$30,006.25 (THIRTY THOUSAND
SIX DOLLARS AND 25/100) IN
UNITED STATES CURRENCY;
$1,951.00 (ONE THOUSAND NINE
HUNDRED FIFTY-ONE) DOLLARS
IN UNITED STATES CURRENCY;
CHEVROLET CORVETTE 1979 VIN
#1Z8789S449896, ONE AND THE
PROCEEDS THEREOF;
CHEVROLET CORVETTE 1977 VIN
#1Z37L7S421309, ONE AND THE
PROCEEDS THEREOF; FORD
ECONOLINE E-150 VAN VIN
#1FDEE14F4EHA92259 ONE AND
THE PROCEEDS THEREOF,

        Defendants,

_____

JOE EARL RODGERS,

        Claimant-Appellant.

_____

No. 00-5046

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 97-CV-743-E)**

Submitted on the briefs: *

Stephen C. Lewis, United States Attorney for the Northern District of Oklahoma, and Catherine J. Depew, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

Joe Earl Rodgers, pro se.

Before **TACHA** , **EBEL** and **BRISCOE** , Circuit Judges.

**EBEL** , Circuit Judge.

Following the government's two unsuccessful attempts to forfeit currency and other property seized from claimant-appellant Joe Earl Rodgers, the district court ordered the government to return the property to Rodgers. The only issue presented on this appeal is whether the government must pay prejudgment interest on the amount of money due Rodgers. We agree with the district court that the "no-interest rule" prohibits the government from paying interest in this situation

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

because there is no applicable waiver of sovereign immunity.  We therefore affirm.

## I.

In February 1991, Oklahoma law enforcement officers arrested Rodgers under state drug laws and seized currency and property from his residences.  At some point, he was charged by federal indictment with conspiracy to distribute cocaine, and federal authorities adopted for federal forfeiture many of the items seized by local authorities.  These items included (1) $30,006.25 in U.S. currency; (2) $1,951.00 in U.S. currency; (3) a 1977 Chevrolet Corvette; (4) a 1979 Chevrolet Corvette; and (5) a 1984 Ford Econoline van.  The government (specifically, the Drug Enforcement Administration) forfeited the seized items on the ground they were used in or acquired as a result of a drug-related offense. *See* 21 U.S.C. §§ 881(a)(4), (a)(6).  Rodgers challenged the forfeitures, and on appeal, this court vacated them on the basis that the government failed to provide Rodgers with adequate notice of the pendency of the forfeiture proceedings. *United States v. Rodgers*, 108 F.3d 1247, 1251-55 (10th Cir. 1997).

On May 30, 1997, the government began new administrative forfeiture proceedings against the same items and, since it had sold the vehicles in 1991, the proceeds of the vehicles.  When Rodgers asserted a claim to the property, the government instituted this civil forfeiture action. *See* 19 U.S.C. § 1608.  Rodgers

moved to dismiss the government's complaint, and the district court granted the motion, concluding that the forfeiture action was barred by the statute of limitations. *See* 19 U.S.C. § 1621 (requiring that forfeiture proceedings be "commenced within five years after the time when the alleged offense was discovered"). [1] The government filed a notice of appeal, but dismissed its appeal following issuance of our decision in *Clymore v. United States*, 164 F.3d 569 (10th Cir. 1999).

After the government dismissed its appeal, Rodgers moved to compel the return of the property. The government did not object to the motion per se, but because it had already sold the three vehicles, it requested the district court to value them at the amounts it had received at auction. In response, Rodgers filed a "motion to disclose," in which he contended he was entitled to interest on the currency seized and on the cash the government received for the vehicles, citing *United States v. $277,000 U.S. Currency*, 69 F.3d 1491 (9th Cir. 1995), and he wanted the government to "disclose" the type of interest-bearing account in which the money was deposited. [2] In reply, the government acknowledged there is a split

---

[1] We note that the district court cited Title 28 rather than Title 19 of the U.S. Code for the applicable statute of limitations. The forfeiture procedures relating to the customs laws apply to forfeitures occasioned by violation of the drug laws. 21 U.S.C. § 881(d).

[2] Under Ninth Circuit law, the type of account the money was deposited in affects the amount of interest for which the government is liable. *See United*

(continued...)

in the circuits on whether the government must pay prejudgment interest when ordered to return money, but argued that the better-reasoned view held that sovereign immunity barred the payment of prejudgment interest, citing *United States v. $7,990.00 in U.S. Currency*, 170 F.3d 843 (8th Cir.), *cert. dismissed*, 120 S. Ct. 577 (1999), and *Ikelionwu v. United States*, 150 F.3d 233 (2d Cir. 1998).

In resolving the issue, the district court noted that the only disputed matter was whether Rodgers was entitled to interest on the amounts owed him by the government, and it agreed with the Eighth and Second Circuits that sovereign immunity barred Rodgers' claim for interest. The court granted the government's motion to approve the value of the vehicles sold at the amount the government received at auction, and it ordered the government to return the currency seized and the proceeds of the vehicles to Rodgers, without interest. Rodgers filed a timely notice of appeal, and argues only that the district court erred in not requiring the government to pay interest on the amounts due him. He does not challenge the district court's determination regarding the value of the vehicles.

---

[2](...continued)
*States v. $133,735.30*, 139 F.3d 729, 731-32 (9th Cir. 1998).

**II**.

As noted above, the circuits are split on whether the government can be ordered to pay interest when it must return seized property to a claimant following an unsuccessful forfeiture action. The Eighth and Second Circuits hold that sovereign immunity bars an award of interest since the government has not waived its immunity from suit in this respect. *$7,990.00*, 170 F.3d at 845-46; *Ikelionwu*, 150 F.3d at 239. While acknowledging there is no relevant waiver of sovereign immunity, the Ninth and Sixth Circuits view the matter not as an award of interest, but as the government's duty to disgorge property, earned while the seized res was in the government's hands, that was not forfeited. *$277,000*, 69 F.3d at 1498; *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 504 (6th Cir. 1998). We cannot agree with the Ninth and Sixth Circuits that recharacterizing an interest award as a disgorgement of profits circumvents the effect of sovereign immunity.

The United States, as sovereign, is immune from suit except as it consents to be sued, and "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotation omitted). This basic rule of sovereign immunity has led to what is known as the no-interest rule: "In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the

-6-

United States is immune from an interest award." *Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986). "For well over a century, this Court, executive agencies, and Congress itself consistently have recognized that federal statutes cannot be read to permit interest to run on a recovery against the United States unless Congress affirmatively mandates that result." *Id.* at 316; *see also Edwards v. Lujan*, 40 F.3d 1152, 1153-54 (10th Cir. 1994); *Sandia Oil Co. v. Beckton*, 889 F.2d 258, 261 (10th Cir. 1989).

As the Eighth Circuit has explained, "[w]hen the government has unsuccessfully sought to forfeit previously seized property under 21 U.S.C. § 881(a)(6), no statute expressly authorizes the payment of prejudgment interest to the successful claimant." *$7,990.00*, 170 F.3d at 844-45. Although the district court did not cite a statutory basis for ordering the government to return the currency and proceeds to Rodgers following its decision, the applicable statute is 28 U.S.C. § 2465. [3] *Cf. Republic Nat'l Bank of Miami v. United States*, 506 U.S.

---

[3] In moving in the district court to compel the return of the money, Rodgers cited Fed. R. Crim. P. 41(e). A motion for return of seized property pursuant to Rule 41(e), which is governed by equitable principles, is not the appropriate procedure in this situation because the judicial forfeiture proceedings initiated by the government and § 2465 provide Rodgers with an adequate legal remedy. *See United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir.), *cert. denied*, 2000 WL 1578322 (U.S. Nov. 27, 2000) (No. 00-6612); *Frazee v. IRS*, 947 F.2d 448, 449-50 (10th Cir. 1991).

80, 95-96 (1992) (holding that § 2465 provides for return of proceeds of seized

property that was subsequently sold). Section 2465 provides as follows:

> Upon the entry of judgment for the claimant in any proceeding
> to condemn or forfeit property seized under any Act of Congress,
> such property shall be returned forthwith to the claimant or his agent;
> but if it appears that there was reasonable cause for the seizure, the
> court shall cause a proper certificate thereof to be entered and the
> claimant shall not, in such case, be entitled to costs, nor shall the
> person who made the seizure, nor the prosecutor, be liable to suit or
> judgment on account of such suit of prosecution.

*Id.* The provision for the payment of costs does not authorize the payment of

interest. *Shaw*, 478 U.S. at 321; *$7,990.00*, 170 F.3d at 845.

Despite the lack of a statutory basis for the award of interest on returned

property, the Ninth and Sixth Circuits have not found sovereign immunity to bar

the recovery of prejudgment interest.

> While sovereign immunity customarily precludes the
> Government's liability for interest prior to a judgment [citing *Shaw*],
> to the extent that the Government has actually or constructively
> earned interest on seized funds, it must disgorge those earnings along
> with the property itself when the time arrives for a return of the
> seized *res* to its owner. . . . [W]e do not view the award of interest in
> this case as the typical award of pre-judgment interest which cannot
> be recovered absent an express waiver of sovereign immunity; rather,
> we view this award of interest as an aspect of the seized *res* to which
> the Government is not entitled as it did not succeed in its forfeiture
> action.

*$515,060.42*, 152 F.3d at 504; *accord $277,000*, 69 F.3d at 1492.

We cannot agree that the Ninth and Sixth Circuits have found a legitimate

exception to the no-interest rule. Regardless of what they call it, they are

allowing an award of interest against the United States without a waiver of sovereign immunity, but "the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution." *Shaw*, 478 U.S. at 321. To the extent their holdings stem from the fact that the government may be unjustly enriched if it is not forced to "disgorge" its profits from the seized property and that a contrary holding is unfair, they do not cite, nor are we aware, of any general waiver of sovereign immunity for unjust enrichment claims. Moreover, fairness or policy reasons cannot by themselves waive sovereign immunity. *Shaw*, 478 U.S. at 321 ("Courts lack the power to award interest against the United States on the basis of what they think is or is not sound policy.") (quotation omitted); *see also United States v. Bein*, 214 F.3d 408, 413 (3d Cir. 2000) ("[A]pplication of sovereign immunity, by its very nature, will leave a person wronged by Government conduct without recourse."). [4]

---

[4] We also note that the district court in the Ninth Circuit case *$277,000* had ordered that the government could deposit the seized currency in an interest-bearing account pending the currency's disposition, and that "all parties thought that this was exactly what would happen." 69 F.3d at 1494. The First Circuit also ordered the government to pay interest on seized funds when the district court had ordered the funds placed in an interest-bearing account and the defendant had reasonably interpreted his plea agreement to require the government to apply interest earned on the funds to his civil tax assessment. *United States v. Kingsley*, 851 F.2d 16, 18, 21 (1st Cir. 1988). Here, there is no indication the district court ever ordered the seized currency or proceeds to be deposited in an interest-bearing account, and we need not consider whether such an order would affect the government's obligation to pay interest.

(continued...)

**III.**

We thus hold that sovereign immunity prohibits the award of interest on the currency and proceeds returned to Rodgers. Though of little help to Rodgers at this point, we note that Congress, through the Civil Asset Forfeiture Reform Act of 2000, has now waived sovereign immunity with respect to interest on returned currency, negotiable instruments and proceeds. Pub. L. No. 106-185, § 4(a), 114 Stat. 202, 211-13 (2000) (codified at 28 U.S.C. § 2465(b)(1)(C)). This provision does not apply to this case because, with one exception not relevant here, it was not effective with respect to forfeiture proceedings commenced prior to August 23, 2000. *Id.* § 21, 114 Stat. at 225.

The judgment of the district court is AFFIRMED.

---

[4](...continued)