MOORE, Judge.
The State of Alabama appeals from a judgment entered by the Jefferson Circuit Court (“the trial court”) in favor of Eric Deandre Hall, Jamison Brandon Gaston-Jones, Antonio Montrel Jenkins, and Demetrius Harris (“the claimants”) to the extent that the trial court ordered the State to pay prejudgment interest on, $16,038 of United States currency (“the currency”) that the State had attempted to subject to forfeiture. We reverse.

Procedural History

This is the second time this case has been before this court. See Hall v. State, 150 So.3d 771 (Ala.Civ.App.2014). In Hall, this court noted the following procedural history:
“On November 4, 2011, the State of Alabama filed a complaint seeking the forfeiture of the currency. The claimants were served on January 26,.2012. After a November 15, 2012, trial, the trial court entered a judgment on. January 8, 2013, condemning, and ordering the forfeiture of the currency. On January 30, 2013, the claimants moved the trial court to alter, amend, or vacate its judgment; that motion was denied by operation of law on April 30, 2013. See Rule 59.1, Ala. R. Civ. P. On June 7, 2013, the claimants filed their notice of appeal,”
150 So.3d at 772.
This court reversed the trial court’s judgment, reasoning:
“Section 20-2-93(c), Ala.Code 1975, pro.vides that forfeiture proceedings ‘shall be instituted promptly.’ ...
U
“Based on the facts and circumstances of the present case, particularly the complete lack of evidence of the reason for the seven-week delay in the institution of the forfeiture proceedings, we conclude that the State failed to institute the forfeiture proceedings promptly.”
150 So.3d at 772-74. This court remanded the cause with instructions to the trial court to enter a judgment in accordance with this court’s opinion. This court’s certificate of judgment was issued on March 26, 2014.
After the case was remanded to the trial court, the claimants, on April 1, 2014, filed a motion requesting that the trial court enter an order returning the currency to them, along with prejudgment interest “in order to fully compensate the claimants for the taking of their property pursuant to the Fifth Amendment to the United States Constitution and Article One, § 23 of the Alabama Constitution, 1901.” On April 10, 2014, the State filed a response in opposition to the claimants’ motion. The trial court held a hearing on the claimants’ motion on April 10, 2014. On April 15, 2014, *1031 the claimants submitted additional authority in support of their April 1, 2014, motion.
On July 1,2014, the trial court entered a judgment ordering the State to return the currency to-the claimants along with “lawful pre-judgment interest pursuant to Alabama Department of Transportation v. Williams, 984 So.2d 1092, 1097 (Ala.2007), and Burgess Mining & Construction Corp. v. Lees, 440 So.2d 321, 338 (Ala.1983), from the date of the seizure until the date of Final Judgment by the Alabama Court of Civil Appeals, [along with] lawful post-judgment interest at the statutorily allowed rate from the date of judgment until the property is returned.” On July 17, 2014, the State filed a “Motion for Reconsideration.” [1] That motion was denied by operation of law on October 15, 2014. On November 19, 2014, the State filed its notice of appeal to this court.

Discussion

The State asserts that “[t]he sole purpose of this appeal is to determine whether the [trial c]ourt can award [prejudgment] interest against the State ... in a forfeiture proceeding when it is determined that the property subject to the forfeiture was due to be returned to its owners based on a violation of due process.” Specifically, the State argues that an award of prejudgment interest against the State violates “the State’s sovereign’ immunity afforded by Ala. Const., art. I, § 14:” The State notes that, “[a]s a general rule, a governmental agency is not liable for interest payable as damages for improperly withheld funds unless so stipulated by a contract or by a statute.” State Highway Dep’t v. Milton Constr. Co., 586 So.2d 872, 876 (Ala.1991). As the State points out, Ala.Code 1975, § 20-2-93, the statute. governing forfeiture proceedings, does not provide for an. award of prejudgment interest and this case does .not involve a contract.
The claimants argue, however, that the trial court properly relied on our supreme court’s decision in Alabama Department of Transportation v. Williams, 984 So.2d 1092, 1097 (Ala.2007). ' In Williams, the supreme court stated: “The Takirigs Clause of' the Fifth Aiheiidment to the United 'States Constitution provides that ‘private property [shall not]’ be taken for public use without just compensation.’” 984 So.2d at 1097. It further. specified “that interest must be included as a part of ‘just compensation.’” 984 So.2d at 1098. The claimants also argue that prejudgment interest must, be awarded pursuant to Alabama Const.1901, Art. I, § 23, which, like the Fifth Amendment, provides that “private property shall not be taken for, or applied to public use, unless just compensation be first made therefor.”
The State, however, cites United States v. 1461 West 42nd Street, Hialeah, Florida, 251 F.3d 1329, 1338 (11th Cir.2001), in which the Eleventh Circuit Court of Appeals held that the government was immune from a claim for prejudgment interest. The court concluded that a seizure of property in violation of a claimant’s due-process rights was not equivalent to an “unconstitutional taking of private property for public use for which just compensa *1032 tion is due.” Id.[2] See also AmeriSource Corp. v. United States, 525 F.3d 1149, 1153 (Fed.Cir.2008) (“Property seized and retained pursuant to the police power is not taken for a ‘public use’ in the context of the Takings Clause.”); United States v. $7,990 in United States Currency, 170 F.3d 843, 845-46 (8th Cir.1999) (stating that “the forfeiture of contraband is an exercise of the government’s, police power, not its eminent domain power,” and that “the government’s temporary possession of seized property that is ultimately returned to a forfeiture claimant ... is not a ‘taking for Fifth Amendment purposes,” and thus does not require payment of prejudgment interest).[3]
Similarly, in the present case, the seizure of the currency, although subsequently overturned due to the failure of the State to institute the forfeiture proceedings promptly, was not equivalent to an “unconstitutional taking of private property for public use for which just compensation is due.” 1461 West 42nd St., 251 F.3d at 1338. Therefore, we conclude that neither the Fifth Amendment to the United States Constitution nor Art. I, § 23, Alabama Constitution of 1901, provide an exception to the State’s sovereign immunity in this case.

Conclusion

Based on the foregoing, we conclude that the award of prejudgment interest against the State was barred by sovereign immunity. We therefore reverse the judgment of the trial court and remand this cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. " 'Although the Alabama Rules of Civil Procedure do not talk of "motion[s] to reconsider,” this Court has consistently treated them as [Rule] 59(e)[, Ala. R, Civ. P,,] motions ‘‘to alter, amend, or vacate the judgment” when such motions have been made pursuant to the guidelines for post-trial motions as set out in Rule 59.’ McAlister v. Deatherage, 523 So.2d 387, 389 n. 1 (Ala.1988). The proper filing of a Rule 59(e) motion ‘suspend[s] the running of the time for filing a notice of appeal'.’ Ala. R.App. P. 4(a)(3),”
Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549 (Ala.2003).

. Although the Eleventh Circuit Court of Appeals held that "the government may be liable for pre-judgment interest to the extent that it has earned interest on the seized res,” 1461 West 42nd St., 251 F.3d at 1338, there is no evidence or argument presented indicating that the State has earned interest on the currency in this case.

. We note that the federal forfeiture statute was amended in 2001 to "to allow prospectively the recovery of interest.” Smith v. Principi, 281 F.3d 1384, 1388 n. 2 (Fed.Cir.2002); see also 28 U.S.C. § 2465(b)(1)(C) (providing for prejudgment interest). Alabama’s forfeiture statute, however, does not provide for a recovery of prejudgment interest.