UNITED STATES of America,

v.

Bruno Cavelier D'ESCLAVELLES,
Defendant,

Petr Buk, Petitioner.

No. 1:06CR235.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 20, 2008.

Daniel Grooms, United States Attorney's Office, Alexandria, VA, for Plaintiff.

John Kenneth Zwerling, John Kenneth Zwerling PC, Alexandria, VA, for Defendant.

## AMENDED MEMORANDUM ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Petitioner Petr Buk's Motion for Attorneys' Fees. This motion follows a successful suit by the Petitioner to recover funds from a bank account the government seized from third parties in a criminal forfeiture proceeding. There are two issues before the Court: (1) whether the attorneys' fees provisions of the Civil Asset Forfeiture Reform Act ("CAFRA") granting attorneys' fees and costs to a prevailing claimant in "any civil proceeding to forfeit property under any provision of Federal law" applies to the Petitioner where he has prevailed in an action under 21 U.S.C. § 853(n), a section of a criminal

forfeiture statute that allows innocent owners to petition for the return of assets seized from third parties; and (2) if the Court determines CAFRA's attorneys' fees provision is applicable, whether $17,322.50 is a reasonable award. The Court grants Plaintiff's Motion for Attorneys' Fees and awards Petitioner attorneys' fees in the amount of $17,222.50, because he has prevailed in a civil proceeding to forfeit property and thus is entitled to fees and costs under the plain language of CAFRA, and the requested fees are not unreasonable.

## I. BACKGROUND

In April, 2006, Petitioner Petr Buk gave $125,000 to Adrien Pruvot as an investment in a proposed film production. Mr. Pruvot then deposited that money, and funds from other sources, into a bank account. Soon thereafter, Mr. Pruvot and others pled guilty to drug conspiracy and money laundering charges, and agreed to forfeit the account containing Petitioner's investment. Following those criminal forfeiture proceedings. Petitioner filed a petition under 21 U.S.C. § 853(n)[1] asking the government to return that portion of the account representing his investment. On August 13, 2007, this Court held, under a theory of constructive trust, that Petitioner retained equitable title to the money he had invested with Mr. Pruvot. This Court ordered the United States to return $125,000 of the seized funds to Petitioner.

Petitioner now moves for an award of $17,322.50 in attorneys' fees under § 2465(b)(1)(A) of CAFRA. The relevant portion of the statute reads: "in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for ... reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A).

The parties offer two competing interpretations of the phrase "any civil proceeding to forfeit property under any provision of Federal law." The government argues that Petitioner's petition is not covered by this language, as "any civil proceeding to forfeit property" is essentially a convoluted way of saying "civil forfeiture proceeding." Therefore, because the property in this case was seized under a criminal forfeiture statute, and not a civil forfeiture statute, § 2465(b)(1) does not apply. (Government's Opp'n 2.) Petitioner argues that he is eligible for fees under the literal text of the statute, because even though his petition was *ancillary* to a criminal forfeiture, the hearing that followed was a civil proceeding in which one party attempted to forfeit the assets of the another. (Pl.'s Reply 1–2).

## II. DISCUSSION

### A. Standard of Review

When interpreting a statute such as CAFRA, the Court's primary purpose is to "ascertain and implement the intent of Congress." *Scott v. United States*, 328 F.3d 132, 138–39 (4th Cir.2003) (citing *Brown & Williamson Tobacco Corp. v. FDA*, 153 F.3d 155, 161–62 (4th Cir.1998)). The first step involves determining whether the text has a plain and unambiguous meaning as applied to the dispute before the Court. *Robinson v. Shell Oil Co.*, 519

---

**1.** 21 U.S.C. § 853(n)(2) reads: "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury."

U.S. 337, 340–41, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *Scott,* 328 F.3d at 139. The individual words in the text are given their "ordinary, contemporary and common meaning[s]". *Scott,* 328 F.3d at 139. If this analysis resolves any apparent ambiguity, the Court's only duty is to "enforce [the statute] according to its terms." *Discover Bank v. Vaden,* 396 F.3d 366, 369 (4th Cir.2005) (internal quotation omitted).

■ Where a claimant is eligible, CAFRA authorizes a court to award "reasonable" attorneys' fees. 28 U.S.C. § 2465(b)(1)(A). To determine if an award is reasonable, a court must first calculate a "lodestar" figure—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *United States v. $23,400 in United States Currency,* 2007 WL 1080292 (W.D.N.C. April 9, 2007). A court may then adjust this number up or down to account for unusual circumstances. *Id.* In calculating the lodestar figure, a court must take into account the twelve factors identified by the Fourth Circuit in *Daly v. Hill,* 790 F.2d 1071, 1077 (4th Cir.1986).[2]

### B. Analysis

■ The Court grants Petitioner's Motion for Attorneys' Fees, because he has substantially prevailed in a civil proceeding to forfeit property. The hearing that followed Mr Buk's § 853(n) petition was a "civil proceeding to forfeit property" as required by 28 U.S.C. § 2465(b)(1); because he prevailed in that suit, the government is liable for Mr. Buk's reasonable costs and attorneys' fees. 28 U.S.C. § 2465(b)(1)(A).

As there is no binding authority in the Fourth Circuit regarding the applicability of CAFRA to forfeiture proceedings brought pursuant to 853(n), the Court's analysis is guided by the text of the statute. *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). The relevant portion of CAFRA reads: "in *any* civil proceeding to forfeit property under *any provision of Federal law* in which the claimant substantially prevails, the United States shall be liable for ... reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A) (emphasis added). It looks to (1) "the language itself," (2) "the specific context in which that language is used," and (3) "the broader context of the statute as a whole" to determine whether the text has a plain and unambiguous meaning as applied to the dispute before the Court. *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340–41, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *Scott,* 328 F.3d at 139.

The plain text of the attorneys' fees provision, 28 U.S.C. § 2465(b)(1), provides that it is applicable to "*any* civil proceeding to forfeit property", under "any provision of Federal law." The Court presumes that the "legislature says in a statute what it means, and means in a statute what it says there," *Conn. Nat'l Bank v. Germain* 503 U.S. at 253–54, 112 S.Ct. 1146, and under the plain terms of the statute an ancillary proceeding under 21 U.S.C. § 853(n) is such a proceeding. A third-party claimant to assets seized in a criminal forfeiture may not intervene in the criminal proceeding, FED.R.CRIM.P.

---

**2.** The lodestar factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

32.2(b)(2), but must instead file a petition under 21 U.S.C. § 853(n). The hearing that follows is civil in nature. *See United States v. Douglas,* 55 F.3d 584 (11th Cir. 1995) (holding that an ancillary § 853(n) proceeding to recover property seized from third parties in a criminal forfeiture is a 'civil action' under the Equal Access to Justice Act). Because the purpose of the § 853(n) proceeding is to determine if the claimant's property is subject to government forfeiture,[3] it is literally a "civil proceeding to forfeit property under [a] provision of Federal law" as described in § 2465(b)(1).

The Court's interpretation of section 2465(b)(1) is supported by reference to the language used elsewhere in CAFRA. If the phrase "civil proceeding to forfeit property" were interchangeable with "civil forfeiture proceeding," one would expect to see it used repeatedly in CAFRA. But it appears only once—in section 2465(b)(1). Throughout the statute, Congress refers explicitly to "civil forfeiture proceedings," and the exact phrase "civil forfeiture proceeding under a civil forfeiture statute" appears at least six times. *Compare, e.g.,* 18 U.S.C. § 983(a)(1)(A)(i); 18 U.S.C. § 983(a)(2)(A); 18 U.S.C. § 983(b)(1)(A); 18 U.S.C. § 983(b)(2)(A); 18 U.S.C. § 983(e)(1); 18 U.S.C. § 983(h)(1) ("any civil forfeiture proceeding under a civil forfeiture statute"); *with* 28 U.S.C. § 2465(b)(1) ("any civil proceeding to forfeit property under *any* provision of federal law") (emphasis added). Congress's decision to use different terminology in this single provision, section 2465(b)(1), strong-

ly suggests that the phrase "civil proceeding to forfeit property" is not interchangeable with "civil forfeiture proceeding", and that Congress intended the language in § 2465(b)(1) to convey some different meaning. *See BFP v. Resolution Trust Corp.,* 511 U.S. 531, 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) ("It is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.") (internal quotation omitted); *Barmes v. United States,* 199 F.3d 386, 389 (7th Cir.1999) ("Different language in separate clauses in a statute indicates Congress intended distinct meanings.") (citation omitted).

The government's argument to the contrary is summarized concisely in its brief— "[b]ecause the forfeiture in this case was brought pursuant to a criminal forfeiture statute and not a civil forfeiture statute, by its terms, the CAFRA attorneys' fee provision does not apply." (Government's Opp'n 2.) However, applicability of the attorneys' fees provision of CAFRA turns on the status of the claimant and the nature of the proceeding for which attorneys' fees are sought, not on how the government chose to initiate the seizure—thus the phrase *"under any provision* of Federal law." 28 U.S.C. § 2465(b)(1) (emphasis added). There is simply nothing in the language of § 2465(b)(1) that conditions eligibility on how the government chose to seize the property. While Congress clearly did not intend to provide attorneys' fees for *defendants* to criminal forfeiture proceedings,[4] the text of the statute does not

---

**3.** When a third-party asserts an interest in property under § 853(n), the attempted forfeiture is not perfected until the conclusion of that proceeding. *See* 21 U.S.C. § 853(n)(7)(*"Following disposition* of all petitions filed under this section, or ... expiration of the period provided ... the United States shall have clear title to property that is

the subject of the order of forfeiture ...") (emphasis added).

**4.** The Court's interpretation does not conflict with this policy or create a loophole in the law. Under principles of *res judicata,* a defendant whose property claims have already been adjudicated in a criminal forfeiture proceeding would not be able to re-litigate them

exclude these defendants based on the nature of the forfeiture; rather, defendants are ineligible for attorneys' fees because they were not parties to a civil proceeding as required by § 2465(b)(1).

Moreover, the two cases the government cites in support of its argument are unpersuasive. (See Government's Brief at 2–3) (citing *United States v. Gardiner,* 2007 WL 2462635 (S.D.Fla. Aug.27, 2007); *Synagogue v. United States,* 482 F.3d 1058 (9th Cir.2006)). *Gardiner* simply echoes the government's construction of CAFRA, interpreting the phrase "any civil proceeding to forfeit property" as "any civil forfeiture proceeding" with no further elaboration or description of its analysis. 512 F.Supp.2d at 1271–72. Similarly, *Synagogue* has no bearing on the applicability of CAFRA in this case. The government cites *Synagogue for* the proposition that CAFRA "does not apply where claimant's property is subject to criminal forfeiture." (Government's Opp'n at 3). However, Petitioner's property was never subject to criminal forfeiture; his property was subjected to *seizure,* not forfeiture. *Buk v. United States,* No. 1:06cr235 (D.Va. Aug. 13, 2007); *See also United States v. Khan,* 497 F.3d 204, 209 note 6 (2d Cir.2007) (distinguishing literal forfeiture from the legal status of being "subject to" forfeiture). Accordingly, the Court concludes that the government's argument is without merit.

Because the Court finds that the plain language of 28 U.S.C. § 2465(b)(1)(A) applies to Petitioner's proceeding under § 853(n), and is not persuaded by the governments' arguments, the Court grants Petitioner's Motion for Attorneys' Fees. Although the assets in question were originally seized in connection with a criminal forfeiture, Petitioner was not a party to those proceedings and has not been accused of any criminal activity. It was only in a civil proceeding, and thus could not meet the requirements of § 2465(b)(1).

after the conclusion of the criminal forfeiture that Petitioner filed a petition, pursuant to 21 U.S.C. § 853(n), to recover the funds he invested in a proposed film production. As the hearing that followed was a "civil proceeding to forfeit property under [a] provision of Federal law," and Petitioner substantially prevailed, the government is liable for his attorneys' fees under the plain language of the statute. 28 U.S.C. 2465(b)(1)(A).

■ Having determined that Petitioner is entitled to attorneys' fees under CAFRA, the Court concludes that $17,222.50 is a reasonable fee for this case. Petitioner has submitted detailed time sheets requesting $15,437.50 in fees for Partner Stephen J. McCool (47.5 hours at $325), $1,785.00 for associate Dan McNamara (10.2 hours at $175), and $100 for Westlaw research costs—a total of $17,322.50. (PX1.) The government has not opposed the amount of fees requested. The Petitioner's attorneys have also submitted an affidavit from a nationally known forfeiture expert who practices in the Washington area, attesting to the reasonableness of the rates sought and the hours expended for this type of litigation. (PX2; Smith Aff. at ¶ 6.) The Court has reviewed this affidavit and the time sheets for each attorney and finds an award of $17,222.50 reasonable for this litigation. The $100 requested for Westlaw research will not be permitted, because research costs are already represented in an attorneys' hourly rate.

### III. Conclusion

The Court grants Petitioner's Motion for Attorneys' Fees in the amount of $17,222.50. The hearing that followed Petitioner's § 853(n) petition constituted a "civil proceeding to forfeit property" under 28 U.S.C. § 2465(b)(1). Because Petition-

er substantially prevailed in that proceeding, the government is liable for his reasonable attorneys' fees and costs under the plain language of the CAFRA attorneys' fees provision. 28 U.S.C. § 2465(b)(1)(A).

Accordingly, it is hereby

ORDERED that Petitioner Petr Buk's Motion for Attorneys' Fees is GRANTED. The Clerk is directed to enter judgment, pursuant to Federal Rule of Civil Procedure 58, in favor of Petitioner Petr Buk, and against Defendant United States of America in the amount of $17,222.50. It is further

ORDERED that Defendant United States of America pay-Petitioner Petr Buk attorneys' fees in the amount of $17,222.50

The Clerk is directed to forward a copy of this Order to counsel of record.