OPINION
BARRY, Circuit Judge.
This appeal is taken from a November 12, 2008 order of the District Court denying appellants’ application for attorneys’ fees pursuant to 28 U.S.C. § 2465(b) (“Section 2465(b)”). We will affirm.
I.
Because we write solely for the parties’ benefit, we set forth only those facts necessary to our analysis.
In June 2002, the Government seized more than three dozen bank accounts at Merchants Bank (now Valley National Bank) containing more than $21 million. The funds were seized in connection with the arrest of Maria Carolina Nolasco, a bank employee, on tax evasion and other charges. Two years later, Nolasco pled guilty to one count of operating a money transmitting business without a license, in violation of 18 U.S.C. § 1960, and four counts of filing false tax returns, in violation of 26 U.S.C. § 7201.
In December 2004, the Government commenced criminal in persmam forfeiture proceedings against Nolasco pursuant to 18 U.S.C. § 982(a) and Federal Rule of Criminal Procedure 32.2, and the District Court filed a preliminary order of forfeiture. Twenty-four claimants, including appellants, then filed petitions under 21 U.S.C. § 853(n) (“Section 853(n)”) asserting title superior to Nolasco in the funds.[1]
In June 2006, the District Court granted the Section 853(n) claimants’ motion for summary judgment and amended the preliminary order of forfeiture. In so doing, the Court found appellants’ interests superior to Nolasco’s because the Government offered no evidence that Nolasco held any right, title, or interest in the property. *678 According to the Court, “the Government [sought] to transform this criminal forfeiture proceeding into a tool for investigation of Brazilian crime and international financial wrongdoing. Were this Court to comply, it would far exceed the bounds of the role assigned to it by the criminal forfeiture statutes.” (A70.)[2]
Based on the order granting summary judgment, appellants sought attorneys’ fees, costs, and interest under Section 2465(b) as claimants who “substantially prevailed]” in a “civil proceeding to forfeit property.” In the alternative, appellants sought an award of interest from the United States. The District Court rejected those requests.
We have jurisdiction to review the final order of the District Court pursuant to 28 U.S.C. § 1291.
II.
A.
Our review of legal questions, including questions of statutory interpretation, is plenary. United States v. Dees, 467 F.3d 847, 851 (3d Cir.2006), cert. denied, 552 U.S. 830, 128 S.Ct. 52, 169 L.Ed.2d 45 (2007). When interpreting a statute, “we need to ‘discern legislative intent,’ considering first the plain meaning of the statutory text.... The plain meaning of the text should be conclusive, except in the rare instance when the court determines that the plain meaning is ambiguous.” Lawrence v. City of Phila., 527 F.3d 299, 316-17 (3d Cir.) (internal citations omitted), cert. denied, — U.S. -, 129 S.Ct. 763, 172 L.Ed.2d 755 (2008).
B.
In analyzing whether appellants are entitled to attorneys’ fees, costs, and interest under Section 2465(b), we will first place the underlying Section 853(n) proceedings in context. We will then address the elements of a claim under Section 2465(b) and analyze those elements in the context of an underlying Section 853(n) proceeding.
i.
When an in personam criminal forfeiture prosecution is initiated, a third party is barred from intervening in the criminal case and from commencing an action against the United States concerning the validity of an alleged property interest. 21 U.S.C. § 853(k). A third party’s property interest, however, may be vindicated by means of Section 853(n). Therefore, following a finding of forfeitability and the entry of a preliminary order of forfeiture, a third party may assert an interest in forfeited property by petitioning the court for an ancillary proceeding in which to adjudicate the validity of that property interest. 21 U.S.C. § 853(n)(2). That proceeding “is the only avenue by which a third-party claimant may seek to assert an interest in property that has been included in an indictment.” United States v. Puig, 419 F.3d 700, 703 (8th Cir.2005).
To prevail at a Section 853(n) ancillary proceeding, a claimant must demonstrate a vested legal right, title, or interest in the property superior to the defendant’s or that the claimant is a bona fide purchaser for value of the property interest. 21 U.S.C. § 853(n)(6)(A)-(B). In short, where “a third party’s interest in the for *679 feited property, at the time of the criminal acts, [is] superior to the criminal defendant’s interest, then the interest that the government acquires when it steps into the defendant’s shoes is subordinate to that of the third party.” United States v. Lavin, 942 F.2d 177, 185 (3d Cir.1991).
Should a claimant demonstrate a property interest superior to the defendant’s, the court will amend the order of forfeiture accordingly, 21 U.S.C. § 853(n)(6), and, on disposition of all petitions filed under Section 853(n), may enter a final order of forfeiture, see 21 U.S.C. § 853(n)(7).
ii.
Enacted as part of the Civil Asset Forfeiture Reform Act (“CAERA”), Section 2465(b) provides that a claimant who “substantially prevails” in “any civil proceeding to forfeit property under any provision of Federal law” may recover from the United States reasonable attorneys’ fees, costs, post-judgment interest, and, in some instances, actual or imputed pre-judgment interest. 28 U.S.C. § 2465(b)(1)(A)-(C).
Thus, for a third-party Section 853(n) claimant to recover attorneys’ fees, costs, and interest under Section 2465(b), the claimant must establish that he or she: (1) substantially prevailed; (2) in a civil proceeding; (3) to forfeit property. If one of those elements is not satisfied, a claimant is not entitled to the benefits of Section 2465(b).
a.
In United States v. Lavin, in determining the timeliness of an appeal, we stated “that a proceeding under 21 U.S.C. § 853(n) ... is a ‘civil case’ for purposes of [Federal Rule of Appellate Procedure 4(a)(1) ].” 942 F.2d at 182. We relied on the principle that civil cases are, broadly, any actions that are not criminal prosecutions. Id. at 181 (citing 9 J. Moore, B. Ward, & J. Lucas, Moore’s Federal Practice para 204.08[1], at 4-29 (2d ed.1991)). We further noted that proceedings related to criminal prosecutions, such as habeas corpus petitions and actions dealing with bail bonds, are civil in nature, despite their relationship to a prosecution. Section 853(n) ancillary proceedings are not part of the criminal prosecution. See Fed. R.Crim.P. 32.2(c)(4).
Lavin is consistent with the great weight of authority. See United States v. Pease, 331 F.3d 809, 816 (11th Cir.2003) (finding that Section 853(n) ancillary proceedings are civil); United States v. Gilbert, 244 F.3d 888, 906-08 (11th Cir.2001) (finding Section 853(n) civil for purposes of appellate jurisdiction); United States v. Alcaraz-Garcia, 79 F.3d 769, 772 n. 4 (9th Cir.1996) (following Lavin approach to timeliness of appeal); United States v. Douglas, 55 F.3d 584, 585 (11th Cir.1995) (holding that Section 853(n) proceeding is civil action under Equal Access to Justice Act); see also David B. Smith, Prosecution and Defense of Forfeiture Cases § 14.08[2][c], at 14-117 (2009 ed.) (“[T]he ancillary hearing procedure is civil in nature.”).[3]
Therefore, because a Section 853(n) proceeding is separate and distinct from the prosecution itself, Section 853(n) ancillary proceedings are “civil” proceedings for purposes of Section 2465(b).
b.
The Government contends that Section 853(n) ancillary proceedings are not proceedings “to forfeit property,” but *680 rather are proceedings to quiet title and, accordingly, are not subject to Section 2465(b). We agree.
Other courts have analogized Section 853(n) proceedings to “quiet title” proceedings. For example, in deciding that a Section 853(n) third-party claimant did not have a right to a jury trial, the Fourth Circuit concluded that Section 853(n) proceedings are “most analogous to an equitable petition to quiet title.” United States v. McHan, 345 F.3d 262, 275 (4th Cir.2003). According to the court, “[l]ike a § 853(n) proceeding, the purpose of a quiet title action is ‘to determine which named party has superior claim to a certain piece of property.’ ” Id. (quoting Cadorette v. United States, 988 F.2d 215, 223 (1st Cir.1993)). Although the court acknowledged differences between the proceedings, because “the relief offered to a complainant in a quiet title action is substantially the same relief offered to a § 853(n) petitioner,” it concluded that the claimant was not entitled to a jury trial. Id.; cf. Gilbert, 244 F.3d at 911 & n. 47 (observing that ancillary hearing to litigate third party’s property rights under analogous RICO statute “is essentially a quiet title proceeding”). Stated somewhat differently, a Section 853(n) proceeding cannot result in the forfeiture of a claimant’s property. Rather, the Section 853(n) proceeding merely ensures that property belonging to a third-party claimant is not inadvertently forfeited as part of a criminal defendant’s property.
Ownership is the only relevant issue in a Section 853(n) ancillary proceeding. See, e.g. United States v. Soreide, 461 F.3d 1351, 1354 (11th Cir.2006) (“Unlike the civil forfeiture statutes, the criminal forfeiture statutes contain no provision for an ‘innocent owner’ defense for third parties.”). Forfeitability has already been proven, and proof of ownership in a Section 853(n) proceeding is a complete defense. United States v. Andrews, 530 F.3d 1232, 1236-37 (10th Cir.2008) (“[A] third party has no right to challenge the preliminary order’s finding of forfeitability; rather the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the order.”). That difference demonstrates that Section 853(n) ancillary proceedings exclude property from forfeiture and do not “forfeit property” as required by Section 2465(b).
Appellants contend that viewing Section 853(n) ancillary proceedings as quiet title proceedings is too narrow. That argument misses the mark. If a Section 853(n) proceeding is viewed broadly as a proceeding “to forfeit property,” then it should be viewed in context, i.e. it should be viewed as part and parcel of the larger criminal forfeiture proceeding. Indeed, before noting that the Federal Rules of Civil Procedure would apply in many respects to Section 853(n) proceedings, the Advisory Committee declined to adopt the Civil Rules in full “[bjecause an ancillary hearing is connected to a criminal case.” Fed.R.Crim.P. 32.2, Advisory Committee Notes on 2000 Amendment (emphasis added). Therefore, although civil in nature, because a Section 853(n) proceeding remains under the larger criminal forfeiture umbrella, application of Section 2465(b) would frustrate Congress’ intent to reform civil forfeiture proceedings. See, e.g., H.R.Rep. No. 106-192, available at 1999 WL 406892, at *2 (noting that CAFRA “would create general rules relating to federal civil forfeiture proceedings designed to increase the due process safeguards for property owners whose property has been seized”).
Our holding is consistent with United States v. Huynh, 334 Fed.Appx. 636 (5th Cir.2009) (unpublished), cert. denied, - U.S.-, 130 S.Ct. 473, 175 L.Ed.2d 309 (2009), which addressed an analogous is *681 sue. There, plaintiffs, who, pursuant to a proceeding under 18 U.S.C. § 983(e), set aside the forfeiture of property, sought attorneys’ fees as substantially prevailing parties under CAFRA. According to the court, however, Section 2465(b) “applies only to civil proceedings ‘to forfeit property,’ that is, civil forfeiture actions initiated by the Government.” Id. at 638. Because “[plaintiffs’ claim ... [sought] to set aside a forfeiture that ha[d] already occurred,” the court declined to award attorneys’ fees. Id.[4]
Similarly, because a Section 853(n) ancillary proceeding is not a proceeding “to forfeit property,” appellants are not entitled to attorneys’ fees, costs, or interest pursuant to Section 2465(b).[5]
Our holding also comports with the Eighth Circuit’s reasoning in United States v. Moser, the only court of appeals to address this issue. 586 F.3d 1089 (8th Cir.2009) (holding that successful claimant in Section 853(n) ancillary proceeding may not recover attorneys’ fees under Section 2465(b), in part due to government’s persuasive argument that Section 853(n) proceeding is akin to quiet title action).
C.
Finally, we address whether appellants are entitled to an award of interest from the United States.
In Library of Congress v. Shaw, the Supreme Court enumerated the “no-interest rule,” holding that “[i]n the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award.” 478 U.S. 310, 314, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); accord Larson v. United States, 274 F.3d 643, 647-48 (1st Cir.2001); United States v. $30,0006.25 in U.S. Currency, 236 F.3d 610, 613-14 (10th Cir.2000); United States v. $7,990.00 in U.S. Currency, 170 F.3d 843, 844-45 (8th Cir.1999); Ikelionwu v. United States, 150 F.3d 233, 239 (2d Cir.1998).
In the context of seized funds, however, the Sixth, Ninth, and Eleventh Circuits permit claims of interest to proceed against the United States. See, e.g., United States v. 1461 W. 42nd St., 251 F.3d 1329, 1338 (11th Cir.2001); United States v. $515,06042 in U.S. Currency, 152 F.3d 491, 504 (6th Cir.1998). The leading minority case is United States v. $277,000 U.S. Currency, 69 F.3d 1491 (9th Cir.1995). There, the court found that because the interest on seized funds “bec[a]me part of the res,” it should “be returned with the res to the claimant.” Id. at 1496. According to the court, that result did not require the United States “to pay for damage it has done,” but rather to “disgorge benefits that it has actually and ealculably received from an asset that it has been holding improperly.” Id. at 1498; see also id. at 1494 (observing that “in any normal commercial dispute over property, the disputed property would, as soon as practical, be placed in an escrow account to earn interest that would go to whoever was the ultimate winner”). A later Ninth Circuit opinion, Carvajal v. United States, observed that the minority view was consistent with Congress’ intent in passing *682 CAFRA, a statute that “ratified the outcome, if not the rationale” of the minority perspective. 521 F.3d 1242, 1248-49 (9th Cir.2008) (quotation omitted).
The minority view, however, is at odds with Shaw. First, Shaw explicitly noted that “the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution.” 478 U.S. at 319, 106 S.Ct. 2957. Thus, whether labeled as damages, loss, earned increment, just compensation, discount, offset, penalty or any other term, the no-interest rule remains applicable. In other words, interest by any other name is still interest.
Second, Shaw left no doubt that “[cjourts lack the power to award interest against the United States on the basis of what they think is or is not sound policy.” 478 U.S. at 321, 106 S.Ct. 2957; see also Larson, 274 F.3d at 647 (“[N]either fairness considerations nor rules applicable to private disputes can alone provide grounds for abrogating sovereign immunity.”). Thus, the minority view expressed in $277, 000 in U.S. Currency (finding private transactions instructive) and Carvajal (relying on CAFRA’s legislative history) is in conflict with Shaw.
We choose to follow the majority approach and hew to the letter of Shaw by holding that, in the absence of express congressional consent to the contrary, the United States is immune from an award of interest. Appellants point to no governing statute entitling them to interest. Therefore, appellants may not recover interest against the United States.
III.
For the reasons stated above, we will affirm the order of the District Court.

. Two of the twenty-four petitions were dismissed.

. The funds became the subject of a torturous procedural labyrinth involving the Manhattan District Attorney's Office, New York state courts, the United States District Court for the District of Columbia, Brazilian courts, and a Mutual Legal Assistance Treaty. Those proceedings, however, are not germane to this appeal. Suffice it to say that the funds have either been forfeited by appellants or are in the custody of the U.S. Department of Justice.

. But see United States v. Yerardi, 192 F.3d 14, 19 (1st Cir.1999) (ancillary proceeding is criminal in nature for purposes of adverse spousal testimony privilege); United States v. Gardiner, 512 F.Supp.2d 1270, 1272 (S.D.Fla.2007) (finding Section 853(n) proceeding criminal and, thereby, not covered by Section 2465(b)'s fee-shifting provision).

. The only court to find Section 853(n) claimants eligible for attorneys' fees pursuant to Section 2465(b) is the Eastern District of Virginia in United States v. D'Esclavelles, 541 F.Supp.2d 794 (E.D.Va.2008). That case, however, was reversed on other grounds. United States v. Buk, 314 Fed.Appx. 565 (4th Cir.2009). The Fourth Circuit did not address the issue.

. Because we hold that Section 853(n) proceedings are not proceedings "to forfeit property” and therefore not subject to CAFRA's attorneys' fee provisions, we need not address whether appellants substantially prevailed.