**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10272 |
| Plaintiff - Appellee, | D.C. No. CR-04-40127-DLJ |
| v. | |
| THOMAS GROSSI, Sr., | MEMORANDUM [*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10430 |
| Plaintiff - Appellant, | D.C. No. CR-04-40127-DLJ |
| v. | |
| THOMAS GROSSI, Sr., | |
| Defendant - Appellee. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-16627 |
| Plaintiff - Appellant, | D.C. No. CV-04-03055-DLJ |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

2638 MARKET STREET, OAKLAND, CALIFORNIA; $608,916.58 IN U.S. CURRENCY, as substitute RES for real property located at 2638 Market Street, Oakland, California,

Defendants,

LAURETTA WEIMER; THOMAS GROSSI,

Claimants - Appellees.

On Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

Argued and Submitted November 3, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and TRAGER,[**] District

Judge.

Thomas Grossi, Sr. ("Grossi") appeals from a criminal order of forfeiture of

property issued by the United States District Court for the Northern District of

California ("the district court"). Following a jury trial, Grossi was convicted of

maintaining the property at 2638 Market Street, Oakland, CA ("the Market Street

property") for the manufacture of marijuana and was ordered to forfeit his entire

---

[**] The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2

interest in the proceeds from the forfeiture sale of the Market Street property. The district court calculated this amount at $345,347.28, but ultimately reduced the forfeiture award by $87,666.80, representing the amount Grossi paid to his sister Lauretta Weimer ("Weimer") under a promissory note secured by the Market Street property. Grossi asserts that the order of forfeiture is an excessive fine in violation of the Eighth Amendment. The government cross-appeals, arguing that the district court erred by applying the doctrine of equitable subrogation to reduce the forfeiture award by $87,666.80.

We review *de novo* the district court's interpretation of federal forfeiture law, *United States v. Casey*, 444 F.3d 1071, 1073 (9th Cir. 2006), as well as its determination of whether a forfeiture constitutes an excessive fine, *United States v. Bajakajian*, 524 U.S. 321, 336 n.10 (1998). The district court's factual findings are reviewed for clear error, *United States v. Nava*, 404 F.3d 1119, 1127 n.3 (9th Cir. 2005), and its choice of equitable remedies is reviewed for abuse of discretion, *Kenney v. United States*, 458 F.3d 1025, 1032 (9th Cir. 2006). We reverse the district court's application of equitable subrogation to reduce Grossi's forfeiture by $87,666.80 and affirm the district court's order of forfeiture.

The government argues that the district court erred in reducing Grossi's order of forfeiture by $87,666.80, which represents the balance of the principal that

3

Grossi owed to Weimer on the last date of the illegal acts. Because Grossi repaid that amount to Weimer prior to the ancillary hearing in which she sought compensation for her interest in the Market Street property, the district court held that Grossi was entitled to collect that amount from the forfeiture sale proceeds.

As Weimer still had an interest in the Market Street property on the date she filed her petition under 21 U.S.C. § 853(n), Weimer had standing to seek relief through the ancillary hearing. *See Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1141 (S.D. Cal. 2006) ("Standing is measured at the time the complaint is filed.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992)); *Johnson v. Bd. of Regents of Univ. Of Ga.*, 263 F.3d 1234, 1267 (11th Cir. 2001) ("[A] party's standing to sue is generally measured at the time of the complaint, with the effect of subsequent events generally analyzed under mootness principles."). However, the district court erred in applying the doctrine of equitable subrogation to allow Grossi to recover $87,666.80 from the forfeiture proceeds. Under California law, the doctrine of equitable subrogation is only available to those who repay a loan for which *another* is primarily liable. *See Caito v. United Calif. Bank*, 576 P.2d 466, 471 (Cal. 1978) (equitable subrogation requires that the "debt paid . . . be one for which the subrogee was not primarily liable"); *In re Hamada*, 291 F.3d 645, 651 (9th Cir. 2002) (person claiming

4

equitable subrogation "could not have been primarily liable for the debt he paid") (quoting *Fidelity Nat'l Title Ins. Co. v. U.S. Dept. of the Treasury*, 907 F.2d 868, 870 (9th Cir. 1990)). In this case, Grossi repaid a loan for which he himself was primarily liable. Grossi was a debtor, not a subrogee, at the time he repaid Weimer, and, therefore, cannot rely on equitable subrogation to recover $87,666.80 from the forfeiture sale proceeds. Furthermore, Weimer could not receive the $87,666.80 because Grossi's repayment of his loan extinguished her interest in the Market Street property. *See Alliance Mortgage Co. v. Rothwell*, 900 P.2d 601, 606 (Cal. 1995) ("A security interest cannot exist without an underlying obligation, and therefore a mortgage or deed of trust is generally extinguished by . . . payment . . . in an amount which satisfies the lien.").

As to Grossi's appeal, although there is no rigid formula for determining when a forfeiture is excessive in violation of the Eighth Amendment, *United States v. Mackby*, 339 F.3d 1013, 1016 (9th Cir. 2003), we have traditionally considered four factors: "(1) the nature and extent of the crime, (2) whether the violation was related to other illegal activities, (3) the other penalties that may be imposed for the violation, and (4) the extent of the harm caused." *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1121-22 (9th Cir. 2004). Here, Grossi's offense was clearly both serious and quite extensive. Grossi engaged in a course of

5

conduct involving several co-defendants and two other large-scale marijuana grow operations. The Market Street property yielded thousands of dollars in profits before it was shut down, and one co-defendant anticipated that future profits would be "in excess of $100,000 every several months." Furthermore, the relevant criminal statute and Sentencing Guidelines permit fines in excess of $345,347.28 for Grossi's crime. *See* 21 U.S.C. § 856(b); U.S.S.G. § 5E1.2(c)(4). As such, Grossi's forfeiture is presumptively constitutional. *See Bajakajian*, 524 U.S. at 336 ("[J]udgments about the appropriate punishment for an offense belong in the first instance to the legislature."); *United States v. Wallace*, 389 F.3d 483, 486 (5th Cir. 2004) ("[I]f the value of the forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional.") (quoting *United States v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1309 (11th Cir. 1999)). Therefore, Grossi's forfeiture is upheld.

On Grossi's appeal, **AFFIRMED**; on the government's cross-appeal, **REVERSED.**

6