FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>THOMAS GROSSI, Sr.,<br><br>    Claimant-Appellant,<br>and<br><br>LAURETTA WEIMER;<br>ALBERT B. DEL MASSO,<br><br>    Claimants,<br>and<br><br>2638 MARKET STREET, OAKLAND, CALIFORNIA; $608,916.58 IN U.S. CURRENCY, as substitute RES for real property located at 2638 Market Street, Oakland, California,<br><br>    Defendants. | No. 10-17821<br>D.C. CR 04-40127 DLJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 16, 2012
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and ADELMAN, District Judge.**

In June 2004, the government discovered that marijuana was being grown in an Oakland warehouse owned by Thomas Grossi, Sr., and commenced a civil forfeiture action against the property. See 18 U.S.C. § 881(a)(7). Albert Del Masso and Lauretta Weimer asserted that they were innocent owners who had loaned Grossi $250,000 and $100,000, respectively, and had security interests in the warehouse which the forfeiture could not reach. The parties agreed to sell the warehouse and substitute the purchase price, $608,916.58, for the res. In the meantime, the government charged and convicted Grossi of using his property to cultivate marijuana, 21 U.S.C. § 856(a), and sought a criminal forfeiture of his interest in the $608,916.58, see 21 U.S.C. § 853(a)(2). The forfeiture actions were then consolidated.

The government settled with Del Masso, agreeing that he should receive $250,000 plus $13,569.30 in interest. The district court determined that Weimer was an innocent owner and that the forfeiture should not apply to her interest. The court further determined that as of June 4, 2004 (the date the property was last used for criminal activity, see 21 U.S.C. § 853(n)(6)), Weimer's interest was $87,666.80

---

** The Honorable Lynn S. Adelman, District Judge for the United States District Court for the Eastern District of Wisconsin, sitting by designation.

($100,000 less $12,333.80 that Grossi had paid back).  Grossi continued to pay Weimer back after June 4, 2004, eventually retiring the balance.  The court found that, had Grossi not paid off Weimer's interest, Weimer would have been entitled to $87,666.80, but because she had been fully paid, she was not entitled to any of the proceeds of the sale of the warehouse.  However, the court concluded that to allow the government to keep the money representing her interest would produce a windfall, and it used the doctrine of equitable subrogation to reduce Grossi's forfeiture by $87,666.80.  Thus, the court ordered that Grossi forfeit $257,680.48.

Grossi appealed, arguing that the forfeiture violated the Eighth Amendment, and the government cross-appealed, arguing that the district court wrongly applied the doctrine of equitable subrogation.  A panel of this court rejected Grossi's Eighth Amendment claim and also determined that the district court erred in applying the equitable subrogation doctrine.  On the latter issue the panel wrote:

> As Weimer still had an interest in the Market Street property on the date she filed her petition under 21 U.S.C. § 853(n), Weimer had standing to seek relief through the ancillary hearing.  However, the district court erred in applying the doctrine of equitable subrogation to allow Grossi to recover $87,666.80 from the forfeiture proceeds.  Under California law, the doctrine of equitable subrogation is only available to those who repay a loan for which another is primarily liable.  In this case, Grossi repaid a loan for which he himself was primarily liable.  Grossi was a debtor, not a subrogee, at the time he repaid Weimer, and, therefore, cannot rely on equitable subrogation to recover $87,666.80 from the forfeiture sale proceeds. Furthermore, Weimer could not receive the $87,666.80 because Grossi's repayment of his loan extinguished her

3

interest in the Market Street property.

United States v. Grossi, 359 Fed. App'x. 830, 831-32 (9th Cir. 2009) (internal citations omitted).

When the case returned to the district court, Grossi argued that the government was not entitled to the $87,666.80 representing Weimer's interest because the only interest it had acquired in the forfeiture proceeding was his interest. The district court concluded that based on the panel's order it had no jurisdiction to entertain further arguments but only to perform the ministerial task of entering the order of forfeiture. Grossi disagrees with this decision and now appeals.

The government first argues that the mandate precluded further action by the district court. The panel's order and mandate did not call for further proceedings but also did not foreclose them. And our cases hold that a reversal without a formal remand does not necessarily bar the district court from acting when it receives the case. See, e,g., United States v. Cote, 51 F.3d 178, 181-83 (9th Cir. 1995); Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust, 824 F.2d 765, 767 (9th Cir. 1987).

The government next argues that further consideration of the amount that Grossi must forfeit is barred by the law of the case doctrine, which prevents a court from revisiting an issue it has explicitly or necessarily decided. See, e.g., United States

v. Park Place Assoc., Ltd., 563 F.3d 907, 925 (9th Cir. 2009). The previous panel did not either explicitly or by necessary implication address Grossi's present argument, that the $87,666.80 at issue was never forfeited in the first place because it was not part of his interest. The panel's order focused only on the remedy that the district court employed to prevent the government from receiving an $87,666.80 windfall. Nor did the panel implicitly decide that the government had a right to Weimer's $87,866.80 interest in the warehouse. The panel decided only that when Grossi paid Weimer back, Weimer's interest was extinguished, and that Grossi could not use equitable subrogation to retrieve the money he had paid her.

Next, the government argues that Grossi waived his present argument by not raising it in his first appeal. This contention appears to contradict the government's law of the case argument; if Grossi didn't raise his present argument, the panel could not have implicitly rejected it. In any case, we believe that what happened here was that in his first appeal Grossi raised a variation of his current claim, but that the panel didn't address it. Under these circumstances, Grossi is entitled to have the issue determined. See, e..g., Snow-Erlin v. United States, 470 F.3d 804, 807 (9th Cir. 2006) (stating that the district court need only respect what the higher court decided, not what it did not decide). The law of the case doctrine is judge-made and discretionary, allowing for the flexibility needed to obtain a fair and just result. We therefore

5

conclude that neither the district court nor we are foreclosed from considering the merits of Grossi's contention.

Turning to the merits of Grossi's argument, the criminal forfeiture statute "permits the forfeiture of the defendant's interests only, not the property of innocent parties." See United States v. Nava, 404 F.3d 1119, 1124 (9th Cir. 2005). Thus, when the defendant owns real property with innocent others, the statute may require a partial forfeiture. See Pacheco v. Serendesky, 393 F.3d 348, 355 (2d Cir. 2004) (citing United States v. Totaro, 345 F.3d 989, 999 (8th Cir. 2003); United States v. O'Dell, 247 F.3d 655, 680 (6th Cir. 2001); United States v. Kennedy, 201 F.3d 1324, 1329 (11th Cir. 2000); United States v. Lavin, 942 F.2d 177, 185 (3d Cir. 1991); United States v. Certain Real Property Located at 2525 Leroy Lane, West Bloomfield, Michigan, 910 F.2d 343, 350-51 (6th Cir. 1990)). As the Pacheco court acknowledged, "partial forfeitures may occasionally make for strange bedfellows – such as making the government co-owners of real property with the spouse of a criminal defendant – [but] the alternative could give the government an undeserved windfall and deny an innocent third party her valid property interest." 393 F.3d at 355. In the present case, under Nava and Pacheco, the government obtained only Grossi's interest in the warehouse, not Weimer's.

The government argues that § 853(h) bars Grossi's claim. Section 853(h)

provides that " property ordered forfeited under this section . . . shall not revert to the defendant." The government argues that returning the $87,666.80 to Grossi would cause forfeited property to revert to him in violation of the statute. But this is wrong because the $87,666.80 represents Weimer's interest and, therefore, was never properly part of the property subject to forfeiture in the first place.

Finally, equity strongly supports Grossi's claim. To deny Grossi the $87,666.80 would not only grant the government a windfall but penalize him for paying his debt to Weimer rather than defaulting on it.

For the foregoing reasons, we reverse the order of the district court. The district court previously determined that Weimer qualified as an innocent owner, and the government does not challenge this determination. We therefore remand for entry of a final order of forfeiture in the amount of $257,680.48, with $87,666.80 refunded to Grossi.

**REVERSED and REMANDED**.

7

United States v. Grossi, 10-17821

SILVERMAN, Circuit Judge, dissenting:

The district court entered a preliminary forfeiture order for the full forfeiture sales proceeds, then entered a final forfeiture order reducing the amount by $87,666.80. Grossi appealed the forfeiture; the government cross-appealed the reduction. We reversed the reduction but otherwise upheld the forfeiture, and we did so as explicitly as possible: "Grossi's forfeiture is upheld. On Grossi's appeal, **AFFIRMED**; on the government's cross-appeal, **REVERSED**."

It is hard to imagine how an appellate ruling could have been any clearer or more final. There was no remand, no equivocation, no directions for further proceedings, nothing left to be resolved. The forfeiture was upheld, period, except that the reduction in Grossi's favor was disallowed.

When the case returned to the district court for implementation of our mandate, and despite having lost *both* his appeal *and* the government's cross-appeal, Grossi took another stab at getting his $87,600 reduction. As Grossi himself put it, "The Court left open the question of whether the $87,600 interest is subject to forfeiture." That is flatly wrong. There is no such opening. When our

prior panel ruled that the reduction was disallowed and the "forfeiture is upheld," that meant that the reduction was disallowed and the forfeiture upheld. Unless matters are left open by the mandate, "the district court cannot give relief beyond the scope of that mandate." *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 765, 767 (9th Cir. 1987).

The majority says that the previous panel did not explicitly address Grossi's present legal argument about the $87,600 reduction. Perhaps, but Grossi failed to raise it the last time around even though he could have. Grossi had every right, in responding to the government's cross-appeal, to defend the district court's ruling in his favor on any ground supported by the record. *See United States v. Craighead*, 539 F.3d 1073, 1080 n.2 (9th Cir. 2008). He could have argued in the first appeal, as he does now, that his claim to the $87,600 reduction was justified by some other legal theory supposedly supported by the evidence, but he didn't.

The district court was clearly correct in declining to do anything other than give effect to the previous panel's mandate. I would affirm.