*448 ORDER
The memorandum disposition filed on June 23, 2015 is amended and filed concurrently with this order. The petition for panel rehearing is DENIED, Judge Smith would grant the petition. No further petitions shall be entertained.
AMENDED MEMORANDUM *
Thomas Grossi and Lauretta Weimer appeal from the district court’s order denying their motion for attorneys’ fees under the Civil Asset Forfeiture Reform Act, 28 U.S.C. § 2465. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court’s order for abuse of discretion. K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 966 (9th Cir.2014). We affirm in part, reverse in part, and remand. Because the parties are familiar with the facts, we do not recount them in detail here.
1. The government is correct that Weimer is not entitled to an award of attorneys’ fees because she did not “substantially prevail[]” under CAFRA. 28 U.S.C. § 2465(b)(1). A claimant does not substantially prevail unless a court orders the government to afford that claimant some relief. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); Synagogue v. United States, 482 F.3d 1058, 1063 (9th Cir.2007). Grossi, not the government, provided Weimer with her relief by repaying her voluntarily, and not by court order. We therefore affirm the denial of Weimer’s fees motion. See Classic Media, Inc. v. Mewborn, 532 F.3d 978, 990 (9th Cir.2008) (“Because we can affirm on any ground supported by the record, we affirm the denial of attorneys’ fees----” (internal citation omitted)).
2. The district court denied Grossi’s fees motion because CAFRA prohibits fee shifting in favor of a claimant whose property interest was determined to be subject to criminal forfeiture. 28 U.S.C. § 2465(b)(2)(B). However, after Grossi repaid Weimer, he was her successor in interest and stood in her shoes when he continued to pursue her interest from the government. That is why a prior panel of this court awarded Grossi $87,666 as reimbursement for “Weimer’s interest,” notwithstanding the plain statutory language that criminally forfeited property “shall not revert to the defendant,” 21 U.S.C. § 853(h). See United States v. Grossi 482 Fed.Appx. 252, 255 (9th Cir.2012).
Under the law of the case doctrine, we again adopt the legal fiction that once Grossi repaid Weimer, he was her successor in interest and stood in her shoes. He is therefore not statutorily precluded from recovering fees incurred in pursuing her interest. Instead, to the extent that Grossi, as Weimer’s successor, substantially prevailed in a “civil proceeding to forfeit property,” he 'is entitled to reasonable attorneys’ fees and costs. 28 U.S.C. § 2465(b)(1).
The bulk of the litigation to recover Weimer’s interest did not take place in a “civil proceeding to forfeit property.” Id. Rather, in February 2005, the civil proceeding to forfeit property was stayed pending resolution of the criminal action. Subsequent to Grossi’s criminal conviction, Weimer initiated ancillary proceedings under 21 U.S.C. § 853(n). Grossi has not identified any authority holding that § 853(n) proceedings are “civil proeeed- *449 ing[s] to forfeit. property.” 28 U.S.C. § 2465(b)(1) (emphasis added).- Plainly, they are not. See 21 U.S.C. § 853(n) (setting forth procedures for third parties to recover interests' in property subject to forfeiture). And because § 2465(b) constitutes a waiver of sovereign immunity, any ambiguity in whether a § 853(n) proceeding to exclude property from forfeiture might constitute a proceeding to forfeit property under § 2465(b) would be construed against Grossi. See Oklevueha Native Am. Church of Haw., Inc. v. Holder, 676 F.3d 829, 840 (9th Cir.2012). In short, Grossi has not carried his burden of establishing that he is entitled to recover fees incurred in proceedings ancillary to his criminal conviction. See Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 971-72 (9th Cir.2011). (“[T]he burden of establishing entitlement to an attorneys fees award lies solely with the claimant.”).
As a result, Grossi should " only be' awarded those fees incurred in pursuing Weimer’s interest in the' civil forfeiture action up to the point at which that action was stayed. Because Grossi did not acquire Weimer’s interest until after the civil forfeiture action was stayed, he is entitled — again, as her-successor in interest— to the fees that she incurred in' that civil action. To be. clear, we do ■ not award Grossi the fees that he himself incurred in the underlying forfeiture proceedings, nor do we depart from the rule announced by our sister circuits that a third party may not recover fees incurred in ancillary proceedings subsequent to a criminal forfeiture judgment. We award Grossi (as Weimer) only those fees that Weimer incurred. as a claimant in the initial civil proceeding.[1]
3. Finally, because Grossi is entitled to recover the fees that Weimer reasonably incurred in the civil forfeiture proceeding, he is also entitled to that portion of the fees he reasonably incurred in pursuing civil forfeiture fees through his fees motion below and in this appeal, See In re So. Cal. Sunbelt Developers, Inc., 608 F.3d 456, 463 (9th Cir.2010) (“In statutory fee cases, federal courts, including our own, have uniformly held that, time spent in establishing the entitlement to and amount of the fee is compensable.”). We remand to the district court to determine an appropriate fee award in light of this disposition.[2] .Grossi, but not Weimer, is awarded costs on appeal.
AFFIRMED in part; REVERSED in part; and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. United States v. 92 Buena Vista Avenue, 507 U.S. 111, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993) — a case that preceded CAFRA’s enactment by seven years — does not, as the dissent contends, preclude the result we reach. In that case, a plurality of the Supreme Court reasoned that an innocent owner may retain property purchased with funds subject to criminal forfeiture even if that innocent owner acquired the property after the crime giving rise to forfeiture took place. Id. at 116— 18, 129, 113 S.Ct. 1126. The Court neither held nor suggested that an innocent interest becomes subject to forfeiture if, as here, it reverts to the criminal defendant. Were that the rule, this court obviously could not have awarded Grossi recovery of Weimer’s innocent interest. See Grossi, 482 Fed.Appx. at 255-56.

. The district court should reduce or apportion fees to account for the degree of success. See 28 U.S.C. § 2465(b)(2)(D) (providing that where, as here, judgment is entered "in part for the claimant and in part for the Government, the court shall reduce the award of costs and attorney fees accordingly”); see also Webb v. Sloan, 330 F.3d 1158, 1168 (9th Cir.2003) (holding-that the extent of a plaintiff’s success in a civil rights suit must be factored into the fee award).