N.R. Smith, Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent to parts two and three of the majority’s Memorandum Dis *450 position. In this case, we examine the breadth of 28 U.S.C. § 2465(b), a federal statute waiving the government’s sovereign immunity to require the government to pay attorney’s fees to opposing litigants in limited situations. I cannot agree with the broad construction of 28 U.S.C. § 2465(b), erroneously concluding that it applies in this most unusual situation.
The Civil Asset Forfeiture Reform Act of 2000 (“CAFRA”) governs civil forfeitures to the United States. See 18 U.S.C. § 981. CAFRA provides that any real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a felony violation of the Controlled Substances Act is subject to forfeiture. 21 U.S.C. § 881(a)(7). If a third party claims to be an “innocent owner” of the forfeited property, he may file a claim for return of his interest. 18 U.S.C, § 983(d); 21 U.S.C. § 853(n)(2). The court then determines the third party’s alleged ownership interest in the forfeited property in a separate, ancillary proceeding. Fed.R.Crim.P. 32.2(c). CAFRA also provides that, in any civil proceeding to forfeit property under federal law in which the claimant substantially prevails, the United States shall be liable for reasonable attorney fees, litigation costs and interest. 28 U.S.C. § 2465(b)(l)(A)-(C). However, the United States only pays under CAFRA if: (1) the claimant is not the convicted defendant; and (2) the government expressly waived its sovereign immunity. See 28 U.S.C. § 2465(a)(2), (b)(2)(B); United States v. Nordic Vill. Inc., 503 U.S. 30, 33-34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). The majority does not address whether Grossi satisfied both prongs before awarding fees under CAFRA. Rather, it summarily concludes that Grossi “substantially prevailed in a ‘civil proceeding to forfeit property,’ [and is therefore] ... entitled to reasonable attorneys’ fees and costs.” If we apply the law to the facts of this case, Grossi fails to establish government liability under CAFRA.
First, a claimant is not entitled to fees under CAFRA “if the claimant is convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.” 28 U.S.C. § 2465(b)(2)(B). Previously, this court held that “Weimer’s interest [in the property] was extinguished” when “Grossi paid Weimer back” in December of 2006. United States v. Grossi, 482 Fed.Appx. 252, 255 (9th Cir.2012). Thus, Weimer had no interest left in the property at the conclusion of the ancillary proceedings. See id. Even under the legal fiction imposed by this court (that Grossi equitably was entitled to receive the amount representing Weimer’s previous interest), the majority cites no support for its proposition that our imposed legal fiction also allows Grossi to recoup fees under CAFRA. The statute clearly states otherwise. The plain language of the statute precludes a claimant from recovering any fees if he was “convicted of a crime for which the interest of the claimant in the property was subject to [criminal] forfeiture under a Federal criminal forfeiture law.” 28 U.S.C. § 2465(b)(2)(B) (emphasis added). The plain text of CAFRA bars fee awards if the claimant is a convicted defendant. See also 21 U.S.C. § 853(h) (providing that “[a]ny property right or interest not exercisable by, or transferable for value to, the United States shall expire and shall not revert to the defendant, nor shall the defendant or any person acting in concert with him or on his behalf be eligible to purchase forfeited property at any sale held by the United States” (emphasis added)). At Grossi’s sentencing, his entire interest in the Market Street property was ordered criminally forfeited under federal law.
*451 After the preliminary order of forfeiture was issued herein, two claimants asserted an innocent-owner defense as to the Market Street property (Weimer and Del Mas-so). The government quickly settled with Del Masso and likely would have settled with Weimer, had Grossi not extinguished Weimer’s “innocent owner” interest in the property by repaying to Weimer (after the preliminary order of forfeiture) the money she had previously loaned him to purchase the property. There is no dispute that Weimer’s interest in the Market Street property was extinguished upon receiving the full repayment of her loan. Thus, the point at which Grossi fully repaid Weimer, Weimer’s interest in the property became Grossi’s interest in the property. Even though this court determined that equitably Grossi was entitled to recoup the loan payments made to Weimer, that determination never suggested that his interest in the property (acquired after repaying Weimer) should not be subject to the “convicted defendant” bar to collecting fees under CAFRA. Indeed, the Supreme Court’s holding in United States v. 92 Buena Vista Ave., 507 U.S. 111 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993) (“Buena Vista”) insists that ownership interests in a forfeited piece of property must be determined at the conclusion of the ancillary proceedings, not at the time of the initial forfeiture.
In Buena Vista, the Supreme Court reasoned that neither the statutory embodiment of the relation back doctrine nor the common law doctrine makes the government an owner of property before forfeiture has been decreed. 507 U.S. at 124-25, 113 S.Ct. 1126.[1] The Court noted that the time between the preliminary order of forfeiture and the final order of forfeiture allows a district court time to determine claims of ownership and priorities of interest vis-a-vis the government and third-party claimants. Id; 21 U.S.C. § 853(n). The Court concluded that only when the government obtains a judgment of forfeiture does the vesting of its title in the property relate back to the moment of the offense. Buena Vista, 507 U.S. at 126,113 S.Ct. 1126. Thus, until a final decree of forfeiture is entered, “someone else owns the property,” and another party may acquire an interest in the property.[2] Id.
In this case, it is not disputed that Weimer’s ownership interest in the Market Street property, that existed at the time the preliminary order of forfeiture was issued, was extinguished prior to Grossi’s sentencing and the conclusion of the ancillary hearings. Grossi, on the other hand, during this same time period acquired an additional interest in the Market Street property (Weimer’s). Under the holding of Buena Vista, a court must evaluate a third party’s ownership interest at the time the defendant is sentenced and the ancillary hearings are concluded. At that time, regardless of whether this court classifies the acquired interest as Grossi’s or *452 Werner’s, Grossi owned it and Grossi’s entire ownership interest was forfeited in the final order. Clearly then, Grossi is precluded from recovering fees under CAFRA, because Grossi was “convicted of a crime for whieh the interest of the claimant in the property was subject to forfeiture.” See 28 U.S.C. § 2465(b)(2)(B). Contrary to the plain language of the statute, the majority cites no authority for its position that this statute does not apply to all of a convicted defendant’s ownership interest in the property, that property acquired by a defendant during this time period is excluded from consideration when barring a convicted defendant from seeking fees under CAFRA, and that a convicted defendant can be accorded innocent owner status as to an ownership interest he acquires in the forfeitable property during this time period.
Second, “[e]xcept to the extent it has waived its immunity, the Government is immune from claims for attorney’s fees.” Ruckelshaus v. Sierra Club, 463 U.S. 680, 685, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983). Section 2465(b) constitutes a waiver of sovereign immunity and “[w]aivers of the Government’s sovereign immunity, to be effective, must be unequivocally expressed.” United States v. Nordic Vill. Inc., 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) (internal quotation marks omitted). Additionally, waivers must be construed narrowly and always in favor of the sovereign. Id. at 34,112 S.Ct. 1011. In this case, Grossi argues that, even though he voluntarily extinguished Weimer’s interest in the property, he should still be able to collect fees under CAFRA. There is absolutely no support for this position.
Indeed, our sister circuits have determined that even a prevailing third-party in an ancillary proceeding pursuant to 21 U.S.C. § 853(n) is not entitled to fees under CAFRA. In United States v. Moser, 586 F.3d 1089 (8th Cir.2009), the Eighth Circuit held that even though many of the prevailing third-party petitioner’s arguments in favor of a fee award were persuasive, ultimately it held that “[t]he arguments for and against permitting a prevailing § 853(n) petitioner to receive attorneys’ fees from the government [were] too closely balanced ... to conclude that Congress’s waiver of sovereign immunity clearly and unequivocally applies.” Id. at 1090. Similarly, in United States v. Nolasco, 354 Fed.Appx. 676 (3d Cir.2009), the Third Circuit held that, even though § 853(n) proceedings are “civil” for purposes of § 2465(b), they are not proceedings “to forfeit property” for fee-shifting purposes. Id. at 679-80. The Third Circuit reasoned that “Section 853(n) ancillary proceedings exclude property from forfeiture and do not ‘forfeit property1 as required by Section 2465(b).” Id. at 680.
Thus, these cases indicate that even if Weimer were prosecuting the claim, she would not be entitled to fees under CAF-RA. The majority cannot successfully distinguish this case from the above cases, as all involved ancillary proceedings pursuant to 21 U.S.C. § 853(n). Certainly then, there is no evidence that Congress clearly and unequivocally intended to waive the government’s sovereign immunity as to attorney’s fees for a convicted defendant who acquires an additional interest in the forfeited property after the issuance of the preliminary order of forfeiture. The district court should be affirmed.

. The majority correctly notes Buena Vista preceded the passage of CAFRA. However, this is of no consequence as to our issue. In Buena Vista, the Court established the proper application of the relation back doctrine when determining claims of ownership and vesting of title in property subject to forfeiture. This is still binding precedent.

. The majority argues that the "Court neither held nor suggested that an innocent interest becomes subject to forfeiture if, as here, it reverts to the criminal defendant.” However, the majority fails to indicate why the Court would have even reached such a holding: such facts were not at issue in Buena Vista. Importantly, the majority cites no statutory basis allowing a convicted defendant to acquire any interest (including an innocent owner interest) in forfeitable property. This court based its previous determination (that Grossi was entitled to the amount representing Weimer’s interest) on equity.