

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-15487 |
| Plaintiff - Appellee, | D.C. Nos.  4:04-cv-03055-DLJ |
| v. | 4:04-cr-40127-DLJ-4 |
| | Northern District of California, Oakland |
| THOMAS GROSSI, Sr.; et al., | |
| Claimants - Appellants, | ORDER |
| and | |
| ALBERT B. DEL MASSO, | |
| Claimant, | |
| and | |
| 2638 MARKET STREET, OAKLAND, CALIFORNIA; et al., | |
| Defendants. | |

Before:  N.R. SMITH and OWENS, Circuit Judges and COLLINS,[*] Chief District Judge.

_____

    [*]    The Honorable Raner C. Collins, Chief District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

The memorandum disposition filed on June 23, 2015 is amended and filed concurrently with this order. The petition for panel rehearing is DENIED. Judge Smith would grant the petition. No further petitions shall be entertained.

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-15487 |
| Plaintiff - Appellee, | D.C. Nos.   4:04-cv-03055-DLJ |
| v. | 4:04-cr-40127-DLJ-4 |
| THOMAS GROSSI, Sr.; et al., | |
| Claimants - Appellants, | AMENDED |
| and | MEMORANDUM[*] |
| ALBERT B. DEL MASSO, | |
| Claimant, | |
| and | |
| 2638 MARKET STREET, OAKLAND, CALIFORNIA; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, Senior District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 15, 2015
San Francisco, California

Filed June 23, 2015
Amended August 26, 2015

Before: N.R. SMITH and OWENS, Circuit Judges, and COLLINS,** Chief District Judge.

Thomas Grossi and Lauretta Weimer appeal from the district court's order denying their motion for attorneys' fees under the Civil Asset Forfeiture Reform Act, 28 U.S.C. § 2465. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's order for abuse of discretion. *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 966 (9th Cir. 2014). We affirm in part, reverse in part, and remand. Because the parties are familiar with the facts, we do not recount them in detail here.

1. The government is correct that Weimer is not entitled to an award of attorneys' fees because she did not "substantially prevail[]" under CAFRA. 28 U.S.C. § 2465(b)(1). A claimant does not substantially prevail unless a court orders the government to afford that claimant some relief. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001); *Synagogue v. United States*, 482 F.3d 1058, 1063 (9th Cir. 2007). Grossi,

** The Honorable Raner C. Collins, Chief District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

not the government, provided Weimer with her relief by repaying her voluntarily, and not by court order. We therefore affirm the denial of Weimer's fees motion. *See Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008) ("Because we can affirm on any ground supported by the record, we affirm the denial of attorneys' fees . . . ." (internal citation omitted)).

2. The district court denied Grossi's fees motion because CAFRA prohibits fee shifting in favor of a claimant whose property interest was determined to be subject to criminal forfeiture. 28 U.S.C. § 2465(b)(2)(B). However, after Grossi repaid Weimer, he was her successor in interest and stood in her shoes when he continued to pursue her interest from the government. That is why a prior panel of this court awarded Grossi $87,666 as reimbursement for "Weimer's interest," notwithstanding the plain statutory language that criminally forfeited property "shall not revert to the defendant," 21 U.S.C. § 853(h). *See United States v. Grossi*, 482 F. App'x 252, 255 (9th Cir. 2012).

Under the law of the case doctrine, we again adopt the legal fiction that once Grossi repaid Weimer, he was her successor in interest and stood in her shoes. He is therefore not statutorily precluded from recovering fees incurred in pursuing her interest. Instead, to the extent that Grossi, as Weimer's successor, substantially

prevailed in a "civil proceeding to forfeit property," he is entitled to reasonable attorneys' fees and costs. 28 U.S.C. § 2465(b)(1).

The bulk of the litigation to recover Weimer's interest did not take place in a "civil proceeding to forfeit property." *Id.* Rather, in February 2005, the civil proceeding to forfeit property was stayed pending resolution of the criminal action. Subsequent to Grossi's criminal conviction, Weimer initiated ancillary proceedings under 21 U.S.C. § 853(n). Grossi has not identified any authority holding that § 853(n) proceedings are "civil proceeding[s] *to forfeit property*." 28 U.S.C. § 2465(b)(1) (emphasis added). Plainly, they are not. *See* 21 U.S.C. § 853(n) (setting forth procedures for third parties to *recover* interests in property subject to forfeiture). And because § 2465(b) constitutes a waiver of sovereign immunity, any ambiguity in whether a § 853(n) proceeding to exclude property from forfeiture might constitute a proceeding to forfeit property under § 2465(b) would be construed against Grossi. *See Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 840 (9th Cir. 2012). In short, Grossi has not carried his burden of establishing that he is entitled to recover fees incurred in proceedings ancillary to his criminal conviction. *See Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971-72 (9th Cir. 2011) ("[T]he burden of establishing entitlement to an attorneys fees award lies solely with the claimant.").

4                                                                            13-15487

As a result, Grossi should only be awarded those fees incurred in pursuing Weimer's interest in the civil forfeiture action up to the point at which that action was stayed. Because Grossi did not acquire Weimer's interest until after the civil forfeiture action was stayed, he is entitled—again, as her successor in interest—to the fees that *she* incurred in that civil action. To be clear, we do not award Grossi the fees that he himself incurred in the underlying forfeiture proceedings, nor do we depart from the rule announced by our sister circuits that a third party may not recover fees incurred in ancillary proceedings subsequent to a criminal forfeiture judgment. We award Grossi (as Weimer) only those fees that Weimer incurred as a claimant in the initial civil proceeding.[1]

3. Finally, because Grossi is entitled to recover the fees that Weimer reasonably incurred in the civil forfeiture proceeding, he is also entitled to that portion of the fees he reasonably incurred in pursuing civil forfeiture fees through

---

[1] *United States v. 92 Buena Vista Avenue*, 507 U.S. 111 (1993)—a case that preceded CAFRA's enactment by seven years—does not, as the dissent contends, preclude the result we reach. In that case, a plurality of the Supreme Court reasoned that an innocent owner may retain property purchased with funds subject to criminal forfeiture even if that innocent owner acquired the property after the crime giving rise to forfeiture took place. *Id.* at 116-18, 129. The Court neither held nor suggested that an innocent interest becomes subject to forfeiture if, as here, it reverts to the criminal defendant. Were that the rule, this court obviously could not have awarded Grossi recovery of Weimer's innocent interest. *See Grossi*, 482 F. App'x at 255-56.

his fees motion below and in this appeal.  *See In re So. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 463 (9th Cir. 2010) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.").  We remand to the district court to determine an appropriate fee award in light of this disposition.[2]  Grossi, but not Weimer, is awarded costs on appeal.

> **AFFIRMED in part; REVERSED in part; and REMANDED.**

---

[2] The district court should reduce or apportion fees to account for the degree of success.  *See* 28 U.S.C. § 2465(b)(2)(D) (providing that where, as here, judgment is entered "in part for the claimant and in part for the Government, the court shall reduce the award of costs and attorney fees accordingly"); *see also Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (holding that the extent of a plaintiff's success in a civil rights suit must be factored into the fee award).


*United States v. Grossi*, No. 13-15487
N.R. Smith, Circuit Judge, concurring in part and dissenting in part:

I respectfully dissent to parts two and three of the majority's Memorandum

Disposition. In this case, we examine the breadth of 28 U.S.C. § 2465(b), a federal

statute waiving the government's sovereign immunity to require the government to

pay attorney's fees to opposing litigants in limited situations. I cannot agree with

the broad construction of 28 U.S.C. § 2465(b), erroneously concluding that it

applies in this most unusual situation.

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") governs civil

forfeitures to the United States. *See* 18 U.S.C. § 981. CAFRA provides that any

real property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of, a felony violation of the Controlled Substances Act is

subject to forfeiture. 21 U.S.C. § 881(a)(7). If a third party claims to be an

"innocent owner" of the forfeited property, he may file a claim for return of his

interest. 18 U.S.C. § 983(d); 21 U.S.C. § 853(n)(2). The court then determines the

third party's alleged ownership interest in the forfeited property in a separate,

ancillary proceeding. Fed. R. Crim. P. 32.2(c). CAFRA also provides that, in any

civil proceeding to forfeit property under federal law in which the claimant

substantially prevails, the United States shall be liable for reasonable attorney fees,

1

litigation costs and interest. 28 U.S.C. § 2465(b)(1)(A)-(C). However, the United States only pays under CAFRA if: (1) the claimant is not the convicted defendant; and (2) the government expressly waived its sovereign immunity. *See* 28 U.S.C. § 2465(a)(2), (b)(2)(B); *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992). The majority does not address whether Grossi satisfied both prongs before awarding fees under CAFRA. Rather, it summarily concludes that Grossi "substantially prevailed in a 'civil proceeding to forfeit property,' [and is therefore]. . . entitled to reasonable attorneys' fees and costs." If we apply the law to the facts of this case, Grossi fails to establish government liability under CAFRA.

First, a claimant is not entitled to fees under CAFRA "if the claimant is convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law." 28 U.S.C. § 2465(b)(2)(B). Previously, this court held that "Weimer's interest [in the property] was extinguished" when "Grossi paid Weimer back" in December of 2006. *United States v. Grossi*, 482 F. App'x 252, 255 (9th Cir. 2012). Thus, Weimer had no interest left in the property at the conclusion of the ancillary proceedings. *See id.* Even under the legal fiction imposed by this court (that Grossi equitably was entitled to receive the amount representing Weimer's

2

previous interest), the majority cites no support for its proposition that our imposed legal fiction also allows Grossi to recoup fees under CAFRA. The statute clearly states otherwise. The plain language of the statute precludes a claimant from recovering any fees if he was "convicted of a crime for which the *interest of the claimant* in the property was *subject to* [criminal] forfeiture under a Federal criminal forfeiture law." 28 U.S.C. § 2465(b)(2)(B) (emphasis added). The plain text of CAFRA bars fee awards if the claimant is a convicted defendant. *See also* 21 U.S.C. § 853(h) (providing that "[a]ny property right or interest not exercisable by, or transferable for value to, the United States shall expire and *shall not revert to the defendant*, nor shall the *defendant* or any person acting in concert with him or on his behalf be *eligible to purchase* forfeited property at any sale held by the United States" (emphasis added)). At Grossi's sentencing, *his entire interest* in the Market Street property was ordered criminally forfeited under federal law.

After the preliminary order of forfeiture was issued herein, two claimants asserted an innocent-owner defense as to the Market Street property (Weimer and Del Masso). The government quickly settled with Del Masso and likely would have settled with Weimer, had Grossi not extinguished Weimer's "innocent owner" interest in the property by repaying to Weimer (after the preliminary order of forfeiture) the money she had previously loaned him to purchase the property.

3

There is no dispute that Weimer's interest in the Market Street property was extinguished upon receiving the full repayment of her loan. Thus, the point at which Grossi fully repaid Weimer, Weimer's interest in the property became *Grossi's interest* in the property. Even though this court determined that equitably Grossi was entitled to recoup the loan payments made to Weimer, that determination never suggested that his interest in the property (acquired after repaying Weimer) should not be subject to the "convicted defendant" bar to collecting fees under CAFRA. Indeed, the Supreme Court's holding in *United States v. 92 Buena Vista Ave.*, 507 U.S. 111 (1993) ("*Buena Vista*") insists that ownership interests in a forfeited piece of property must be determined at the conclusion of the ancillary proceedings, not at the time of the initial forfeiture.

In *Buena Vista*, the Supreme Court reasoned that neither the statutory embodiment of the relation back doctrine nor the common law doctrine makes the government an owner of property before forfeiture has been decreed. 507 U.S. at 124-25.[1] The Court noted that the time between the preliminary order of forfeiture and the final order of forfeiture allows a district court time to determine claims of

---

[1]   The majority correctly notes *Buena Vista* preceded the passage of CAFRA. However, this is of no consequence as to our issue. In *Buena Vista*, the Court established the proper application of the relation back doctrine when determining claims of ownership and vesting of title in property subject to forfeiture. This is still binding precedent.

4

ownership and priorities of interest vis-a-vis the government and third-party claimants. *Id*; 21 U.S.C. § 853(n). The Court concluded that only when the government obtains a judgment of forfeiture does the vesting of its title in the property relate back to the moment of the offense. *Buena Vista*, 507 U.S. at 126. Thus, until a final decree of forfeiture is entered, "someone else owns the property," and another party may acquire an interest in the property.[2] *Id*.

In this case, it is not disputed that Weimer's ownership interest in the Market Street property, that existed at the time the preliminary order of forfeiture was issued, was extinguished prior to Grossi's sentencing and the conclusion of the ancillary hearings. Grossi, on the other hand, during this same time period acquired an additional interest in the Market Street property (Weimer's). Under the holding of *Buena Vista*, a court must evaluate a third party's ownership interest at the time the defendant is sentenced and the ancillary hearings are concluded. At that time, regardless of whether this court classifies the acquired interest as

---

[2]     The majority argues that the "Court neither held nor suggested that an innocent interest becomes subject to forfeiture if, as here, it reverts to the criminal defendant." However, the majority fails to indicate why the Court would have even reached such a holding: such facts were not at issue in *Buena Vista*. Importantly, the majority cites no statutory basis allowing a convicted defendant to acquire any interest (including an innocent owner interest) in forfeitable property. This court based its previous determination (that Grossi was entitled to the amount representing Weimer's interest) on equity.

5

Grossi's or Weimer's, Grossi owned it and Grossi's entire ownership interest was forfeited in the final order. Clearly then, Grossi is precluded from recovering fees under CAFRA, because Grossi was "convicted of a crime for which the interest of the claimant in the property was subject to forfeiture." *See* 28 U.S.C. § 2465(b)(2)(B). Contrary to the plain language of the statute, the majority cites no authority for its position that this statute does not apply to all of a convicted defendant's ownership interest in the property, that property acquired by a defendant during this time period is excluded from consideration when barring a convicted defendant from seeking fees under CAFRA, and that a convicted defendant can be accorded innocent owner status as to an ownership interest he acquires in the forfeitable property during this time period.

Second, "[e]xcept to the extent it has waived its immunity, the Government is immune from claims for attorney's fees." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). Section 2465(b) constitutes a waiver of sovereign immunity and "[w]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992) (internal quotation marks omitted). Additionally, waivers must be construed narrowly and always in favor of the sovereign. *Id*. at 34. In this case, Grossi argues that, even though he voluntarily extinguished Weimer's interest in

the property, he should still be able to collect fees under CAFRA. There is absolutely no support for this position.

Indeed, our sister circuits have determined that even a prevailing *third-party* in an ancillary proceeding pursuant to 21 U.S.C. § 853(n) is not entitled to fees under CAFRA. In *United States v. Moser*, 586 F.3d 1089 (8th Cir. 2009), the Eighth Circuit held that even though many of the prevailing third-party petitioner's arguments in favor of a fee award were persuasive, ultimately it held that "[t]he arguments for and against permitting a prevailing § 853(n) petitioner to receive attorneys' fees from the government [were] too closely balanced . . . to conclude that Congress's waiver of sovereign immunity clearly and unequivocally applies." *Id*. at 1090. Similarly, in *United States v. Nolasco*, 354 F. App'x 676 (3d Cir. 2009), the Third Circuit held that, even though § 853(n) proceedings are "civil" for purposes of § 2465(b), they are not proceedings "to forfeit property" for fee-shifting purposes. *Id*. at 679-80. The Third Circuit reasoned that "Section 853(n) ancillary proceedings exclude property from forfeiture and do not 'forfeit property' as required by Section 2465(b)." *Id*. at 680.

Thus, these cases indicate that even if Weimer were prosecuting the claim, she would not be entitled to fees under CAFRA. The majority cannot successfully distinguish this case from the above cases, as all involved ancillary proceedings

7

pursuant to 21 U.S.C. § 853(n). Certainly then, there is no evidence that Congress clearly and unequivocally intended to waive the government's sovereign immunity as to attorney's fees for a convicted defendant who acquires an additional interest in the forfeited property after the issuance of the preliminary order of forfeiture. The district court should be affirmed.